IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **EUGENE DAVIS** | ) | |
| | ) | |
| **v.** | ) | **No. 06-507C** |
| | ) | **Judge Bush** |
| **UNITED STATES OF AMERICA** | ) | |

**AMENDED COMPLAINT**

Comes the Plaintiff complaining of the Defendant and would show unto the Court.

1. Jurisdiction. This Court has jurisdiction to hear this case pursuant to Title 28 U.S.C. § 1346 and 1491, et seq. in that this is a case brought against the United States of America and the relief sought is placement in an appropriate retirement status, correction of applicable records and retirement pay.

2. Parties.

2.1. Plaintiff. The Plaintiff, Eugene Davis [Davis] is a citizen of the State of Tennessee, and a resident of Shelby County, Tennessee.

2.2. Defendant. The Defendant is the United States of America [United States].

3. Facts.

3.1. Davis was commissioned in the Reserve from the Reserve Officer Training Program May 15, 1977. He served in active duty from November 13, 1977 to January 14, 1985. He attained the rank of Captain on June 22, 1981. Davis left active duty and was transferred to the Reserve Control Group.

3.2. On April 15, 1989, he was transferred to the Selective Service System [SSS], an USAR organization.

3.3. On April 14, 1989, he was promoted to the rank of Major.

3.4. On December 12, 1991, Davis was notified that based upon a reduction in Major positions at SSS, he would not be retained in the SSS. At that time, he was given the option to drill for points only and advised he could remain in the SSS until February 27, 1993, or until the completion of 20 good years of service.

3.5. On March 18, 1993, Davis was released from the SSS and returned to the Reserve Control Group. At this time, Davis had more than 15 years of qualifying service. He was issued a statement by the Army stating that he completed 15 years of qualifying service for retirement pay as of May 14, 1992.

3.6. Congress passed the National Defense Authorization Act for Fiscal Year 1993 (Public Law 102-484, October 13, 1992). This Act provided that selected reservists who were involuntarily separated during the force draw down period should receive transition assistance and were to be treated fairly and equally for their work. The Department of Defense on March 1, 1993 implemented this program. The periods of separation covered by the Act were those from October 23, 1992 to September 30, 1995, later changed to September 30, 1999.

3.7. Davis qualified for the benefits afforded service members by this Act.

3.8. On July 8, 1993, the United States Army announced the company and field grade officers were entitled to early retirement if they were qualified. Davis was qualified.

3.9. Davis was never notified of his right to apply for early retirement based on 15 years of service at the age of 60. Davis continued to drill, but without pay and without evaluations, only for points.

3.10. Davis requested that this military record be corrected so that he could apply for early retirement based on 15 years of service at the age of 60. His request was rejected on June 3, 1999, March 11, 2000, April 9, 2001, September 10, 2002, and June 24, 2005.

4. Request for Relief. Davis achieved 15 years credible service for retirement pay at the age of 60 on May 14, 1992. He was eligible to apply for retirement and transfer to the retired reserve on August 18, 1993 after he was released from the SSS on March 18, 1993. However, Davis did not apply because he was not aware of his eligibility.

4.1. Davis is requesting that this Honorable Court issue an order (1) declaring him eligible for retirement under the provisions of Public Law 102-484 dated October 23, 1992, (2) correcting his retirement status and applicable records.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That a hearing be held before this Honorable Court to determine the issue in controversy between the parties.

2. That the Court issue an order that the United States grant the Plaintiff full right to early retirement after 15 years of service at age 60, and correct all necessary to accomplish this order.

3. That the Court grant the Plaintiff the cost of trying this case, to include attorney's fees if applicable.

4. That the Court grant such other and further relief as it may deem necessary.

Respectfully submitted,

/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

**CERTIFICATE OF SERVICE**

I certify that an exact copy of the foregoing document was served electronically to the Assistant United States Attorney, on this the ____ day of ____________, 2006.

/s/ Phillip L. Davidson
Phillip L. Davidson