**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| EUGENE DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-507C |
| v. | ) | (Judge Bush) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Eugene Davis, for lack of subject matter jurisdiction. In support of this motion, the Government relies upon plaintiff's amended complaint ("complaint") and the following brief.

**QUESTION PRESENTED**

Whether the complaint should be dismissed for lack of subject matter jurisdiction because this action is barred by the statute of limitations.

**STATEMENT OF FACTS**

This case was filed on February 9, 2006 in the United States District Court for the Western District of Tennessee. The district court ordered the case transferred to this Court on June 21, 2006.

Plaintiff, Eugene Davis, an officer who served on active duty in the United States Army and later in the United States Army Reserves ("USAR"), brings suit to obtain retirement benefits. Amend. Compl., ¶¶ 3.1-3.5, 4, 4.1; 2 (Prayer for Relief). Mr. Davis avers that he

entered the Selective Service System ("SSS") in the USAR on April 15, 1989. Id. ¶ 3.2. Mr. Davis further avers that he was released from the SSS on March 18, 1993. Mr. Davis also apparently alleges that he was qualified for retirement benefits based upon his alleged involuntary separation after completing fifteen years of qualifying service. Id. ¶¶ 3.6-3.7. Finally, Mr. Davis appears to allege that the Army Board for Correction of Military Records ("ABCMR") refused to correct his records regarding his claim for retirement benefits in 1999, 2000, 2001, 2002, and 2005. Id. ¶ 3.10.[1] Mr. Davis asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. §§ 1346 and 1491, et seq. Amend. Compl. ¶ 1.

## SUMMARY OF ARGUMENT

Mr. Davis filed his complaint in the district court more than twelve years after his alleged involuntary separation from the SSS. His claims are barred because they were not brought within the applicable six-year statute of limitations. 28 U.S.C. § 2501 (2005).

## ARGUMENT

### I. The Court Does Not Have Subject Matter Jurisdiction Because Plaintiff's Claims Are Barred By The Statute Of Limitations

#### A. Standard of Review

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States,

[1] The ABCMR is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a).

124 F.3d 1462, 1464 (Fed. Cir. 1997) (citations omitted).[2] Where this Court's subject matter jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table), cert. denied, 525 U.S. 827 (1998).

It is well settled that this Court is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976) ("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941))). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Id. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

**B. Plaintiff's Claim Is Barred By The Statute Of Limitations Because His Cause Of Action Accrued More Than Six Years Before He Commenced This Action**

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." As the Supreme Court has recognized, "[t]he statute of limitations is a statute of repose, designed to protect the citizens from stale and vexatious claims, and to make an

[2] In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986). Because the statute of limitations is jurisdictional, Hart v. United States, 910 F.2d 815, 818-19 (Fed. Cir. 1990), the Court may consider matters outside of the pleadings in this case.

end to the possibility of litigation after the lapse of a reasonable time." Guaranty Trust Co. v. United States, 304 U.S. 126, 136 (1938). The six-year statute of limitations is a jurisdictional requirement that Congress imposed as a condition of the Government's waiver of sovereign immunity, and, as such, must be strictly construed. Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988); see also Federal National Mortgage Assoc. v. United States, 379 F.3d 1303, 1310-11 (Fed. Cir. 2004) ("Although we should not construe . . . a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would extend the waiver beyond that which Congress intended." (internal quotations omitted)). Exceptions to the limitations and conditions upon which the Government consents to be sued are not to be implied. Soriano v. United States, 352 U.S. 270 (1957).

A cause of action accrues, and the limitations period under 28 U.S.C. § 2501 begins to run, when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action. Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994). In military separation cases, the six-year statute of limitations begins to run when the individual is separated from the military. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986). Mr. Davis alleges he was involuntarily separated from the SSS on March 18, 1993. Amend. Compl., ¶ 3.5. Thus, the statute of limitations began to run on March 18, 1993, and expired on March 18, 1999. Mr. Davis's claim, filed on February 9, 2006, is therefore barred by the statute of limitations.[3]

[3] We note that Mr. Davis's challenge to his separation from the SSS before the ABCMR did not interrupt the running of the statute of limitations. Permissive administrative action, such as a filing with the ABCMR, is independent of judicial review, and, therefore, does not toll the running of a limitations period. Martinez, 333 F.3d at 1312; Heim v. United States, 50 Fed. Cl. 225, 236 (2001), aff'd 45 Fed. App'x. 921 (Fed. Cir. 2003).

Mr. Davis' contends that he was never notified of his alleged right to apply for early retirement based upon 15 years of service at the age of 60. Amend. Compl., ¶ 3.9. This allegation is not sufficient to toll the statute of limitations. The Supreme Court has held that it is the plaintiff's awareness of the facts giving rise to a cause of action, and not the plaintiff's belief about whether those facts provide a legal basis for such action, that determines when a statute of limitations begins to run. United States v. Kubrick, 444 U.S. 111, 122 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); see also Bluitt v. Houston Independent School Dist., 236 F.Supp.2d 703 (S.D. Tex. 2002) ("It is well established that mere ignorance of the law, for any reason, including lack of counsel, does not toll a statute of limitations.") (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)); Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir. 1979); Sankey v. United States, 22 Cl.Ct. 743, 745 (1991) ("[Plaintiffs'] ignorance of their legal rights does not toll 28 U.S.C. § 2501.").

Accordingly, Mr. Davis's complaint is time barred and should be dismissed for want of jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Richard P. Schroeder
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7788
Attorneys for the Defendant

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

January 19, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 19th day of January 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder