**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EUGENE DAVIS** | **)** | |
| | **)** | |
| **Plaintiff** | **)** | |
| **v.** | **)** | **No. 06-507** |
| | **)** | **Judge Bush** |
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**MEMORANDUM BRIEF OF FACT AND LAW**

Comes the Plaintiff Eugene Davis [Davis] and submits to the Court his response brief in support of his position that the Court should deny the Government's motion to dismiss.

FACTS

The Plaintiff filed his case against the Government in the Federal District Court in Memphis on February 9, 2006. Davis was separated from service and released to the Reserve Control Group on March 18, 1993 after having completed more than 15 years of service. (Complaint, p. 9, paragraph 3.5)

On July 8, 1993, the United States Army announced that company and field grade officers were entitled to early retirement if they qualified, which Davis did. *But Davis was never notified*. (Id. paragraphs 3.8-3.9) When Davis learned of the benefit being afforded by the Army, he began an administrative appeal process in 1999 which lasted until June 24, 2005. ((Id. paragraph 3.10)

LAW

The Government argues that Davis' case is about a separation issue. *It is not*. Davis is not contending that he was improperly separated. Davis is contending that he was *never notified*

of his right to apply for retirement *in futuro* until 1999. At that point he began an attempt to have his records *corrected*. This case is about correcting his records in order to allow him to obtain retirement benefits at the age of 60. Davis *is not* suing for money damages, such as back pay, but is seeking an order from this Honorable Court, correcting his record.

Normally suits filed under the Tucker Act, must be filed within the six year statute of limitations Title 28 U.S.C.A. § 1491. However, Davis' action is governed by Title 10 U.S.C.A. § 1552 which allows for correction of Board actions. See Richey v. United States, 322, F.3d 1317, 1325 (Fed. Cir. 2003)

Accordingly, Davis' claim did not accrue until the Board's final denial of his request. Crown Coat Front Co. v. United States, 386 U.S. 503, 511, 87 S.Ct. 1177, 11 L.Ed.2d 256 (1967) The final denial of his request was in June of 2005. Thus, his complaint was filed well within the applicable statute of limitations. See Japan Whaling Association v. A.M. Cetacean Society, 478 U.S. 221, 230-31, n. 4, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986)

## CONCLUSION

Based upon the foregoing facts, Davis respectfully requests that this Honorable Court deny the Government's motion.

Respectfully submitted,

/s/ Phillip L. Davidson

Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

**CERTIFICATE OF SERVICE**

I certify that an exact copy of the foregoing document was served electronically to the following:

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

/s/ Donald E. Kinner
Assistant Director

/s/ Richard P. Schroeder
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7788
Attorneys for the Defendant

Of Counsel:

Major Jerrett Dunlap
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart St., Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

on this the ____ day of ____________, 2007.

/s/ Phillip L. Davidson
Phillip L. Davidson