IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EUGENE DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-507C |
| v. | ) | Judge Bush |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, respectfully submits this reply to the response of plaintiff, Eugene Davis, to our motion to dismiss. Because Mr. Davis's claim is untimely, the complaint should be dismissed for lack of jurisdiction.

**INTRODUCTION**

As we argued in our motion to dismiss, Mr. Davis's claims are barred by the six year statute of limitations. 28 U.S.C. § 2501 (2005). His cause of action accrued upon his separation from the Selective Service System ("SSS") on March 18, 1993, when "all events [had] occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue . . . for his money." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (citation omitted). Mr. Davis's assertion that he learned of his right to the benefit being afforded by the Army after his cause of action accrued does not toll the statute of limitations. United States v. Kubrick, 444 U.S. 111, 122-25 (1979). This Court, therefore, does not possess jurisdiction over this matter and, as a result, the Government's motion to dismiss should be granted.

## I. Mr. Davis's Complaint Should Be Dismissed For Lack Of Jurisdiction

As an initial matter, Mr. Davis's statement, that "[t]he Government argues that Davis' case is about a separation issue," mischaracterizes the Government's argument. Pl. Memorandum Brief of Fact and Law ("Pl. Br.") at 1. We did not argue that Mr. Davis's case involves a challenge to his involuntary separation from the SSS. See Motion to Dismiss ("Def. Mot.") at 4 (citing Amend. Compl. at ¶ 3.5). Rather, we noted that Mr. Davis's involuntary separation from the SSS was the trigger for the six year statute of limitations. Martinez, 333 F.3d at 1303; Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994) (statute of limitations begins to run when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action)).

Mr. Davis also argues that he was not notified of his right to receive retirement benefits until 1999, even though he had been entitled to them since March 18, 1993. Pl. Br. at 1-2. However, as we demonstrated in our motion to dismiss, a party's awareness of the facts giving rise to a cause of action, not his belief about whether those facts provide a legal basis for such action, determines when the statute of limitations begins to run. Kubrick, 444 U.S. at 122-25.

Based upon Mr. Davis' complaint, he was aware of the facts allegedly giving rise to his complaint on March 18, 1993 – namely that he was separated from the SSS and released to the Reserve Control Group. Id. at 1; Amend. Compl., ¶ 3.5-3.7. Further, Mr. Davis's purported lack of awareness of his alleged entitlement did not toll the statute of limitations. Amend. Compl., ¶ 3.5; Sankey v. United States, 22 Cl. Ct. 743 (1991) ("[Plaintiffs'] ignorance of their legal rights does not toll 28 U.S.C. § 2501."). Indeed, Mr. Davis has cited no authority to the contrary.

Based upon Mr. Davis's factual allegations, the statute of limitations began to run on March 18, 1993 and expired on or about March 18, 1999. However, even if this Court were to determine that Mr. Davis was not allegedly entitled to future retirement benefits until the Army announced, on July 8, 1993, that qualified field grade officers were entitled to early retirement benefits, his complaint still would be time barred, since he did not commence his district court case until February 9, 2006, more than 12 years after the Army's announcement. See Pl. Br. at 1.

Mr. Davis also argues that "he began an administrative appeal process in 1999 which lasted until June 24, 2005."[1] Pl. Br. at 1. Although Mr. Davis's statement contains insufficient information to determine whether he even commenced the administrative process within six years of his March 18, 1993 separation from SSS, that issue is immaterial. As noted in our motion to dismiss, permissive administrative action, such as filing with the Army Board for Correction of Military Records ("ABCMR"), is independent of judicial review, and, therefore, does not toll the running of a limitations period. Martinez v. United States, 333 F.3d 1295, 1312 (Fed. Cir. 2003).[2]

---

[1] Mr. Davis' application to the Army Board for Correction of Military Records (ABCMR) did not last from 1999 until 2005. Mr. Davis' ABCMR application was denied on June 3, 1999. Amend. Compl. ¶ 3.10. His numerous reconsideration requests were denied on March 11, 2000, April 9, 2001, September 10, 2002, and June 24, 2005. Id.

[2] Although this Court does not need to look beyond Martinez, which is binding precedent, even if we assume, for the sake of argument only, that not a single day of the six year limitations period had run when Mr. Davis commenced the ABCMR proceedings in 1999, and we further assume that the running of the limitations period was suspended from the commencement of the ABCMR proceeding until the ABCMR first denied him relief on June 3, 1999, the limitations period still would have expired no later than June 3, 2005, six years after the ABCMR first denied his petition, and approximately eight months before Mr. Davis filed the district court action.

In addition, Mr. Davis argues that the six year statute of limitations applicable to the Tucker Act does not apply to this cause of action, asserting that his claim is instead governed by 10 U.S.C. § 1552. Pl. Br. at 2. However, Mr. Davis provides no support for that assertion. Indeed, Martinez, like the present case, was a military pay case. See 333 F.3d 1303. In Martinez, the Federal Circuit expressly held that, to bring such a claim in the Court of Federal Claims, a plaintiff "must allege that, because of the unlawful discharge, the plaintiff is entitled to money in the form of pay that the plaintiff would have received but for the unlawful discharge." Id. The court in Martinez also noted that the six-year limitations period prescribed in 28 U.S.C. § 2501 applies in such cases. Id. at 1304. Although the present case involves a claim for early retirement following an involuntary separation, and does not assert an unlawful discharge claim, the principle set forth in Martinez is equally applicable.

Finally, it appears that Mr. Davis, in the face of a motion to dismiss, is attempting to avoid the six year statute of limitations by claiming that he "is not suing for monetary damages, such as back pay, but is seeking an order . . . correcting his record." Pl. Br. at 2. However, this statement contradicts his complaint, which expressly states that "the relief sought is placement in an appropriate retirement status, correction of applicable records and retirement pay." Amend. Compl., ¶ 1 (emphasis added).

Given the nature of Mr. Davis' claim for retirement pay, the six year statute of limitations in 28 U.S.C. § 2501 applies. Accordingly, Mr. Davis' complaint should be dismissed as it is time barred. Martinez, 333 F.3d at 1312.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/ Donald E. Kinner***
DONALD E. KINNER
Assistant Director

***s/ Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for the Defendant

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

Dated: February 15, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 15th day of February 2007, a copy of the foregoing "REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder