# In the United States Court of Federal Claims

No. 06-507 C
(March 30, 2007)

* * * * * * * * * * * * * * *
EUGENE DAVIS, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * *

**ORDER**

Plaintiff Eugene Davis filed the Amended Complaint currently pending before this court on November 21, 2006. The United States moved to dismiss plaintiff's claim, for lack of subject matter jurisdiction, on January 19, 2007. That motion has now been fully briefed. The court finds, however, that several issues relevant to the Court of Federal Claims' power to consider Mr. Davis' lawsuit have not been adequately addressed by the parties. The following questions are therefore presented to the parties, to be addressed in supplemental briefing. Although the majority of these questions are directed to only one party or the other, the court's designations in this regard are in no way meant to restrict the arguments or contentions that each party shall be permitted to present in their new filings. Both plaintiff and defendant are encouraged to question or comment upon any or all of the issues set forth below.

Questions for plaintiff

1. Does plaintiff claim entitlement to retirement pay, or a correction of his military record only? If Mr. Davis seeks a record correction, would that correction be retrospective or prospective? On what basis does this court possess jurisdiction over such a record correction claim?

2. If plaintiff seeks retirement pay, on what date does Mr. Davis allege that he should be/should have been awarded his first retirement payment? Is plaintiff sixty years old or older? If not, when will he reach his sixtieth birthday? How does plaintiff's age affect his entitlement to retirement pay?

3. Which specific provision of Public Law 102-484 does Mr. Davis rely on to show that money is presently due and owing to him? Cite the specific United States Code provision(s) that is/are relevant to that claim, if any. Does plaintiff rely on the Temporary Early Retirement Authority (TERA), and if so, how does TERA support his claim?

4. On what date did Mr. Davis file his initial administrative appeal before the Army Board for Correction of Military Records (ABCMR)? What, specifically, did plaintiff claim before the ABCMR? What aspect of the Board's decision does Mr. Davis ask the court to review, and under what authority? Please provide copies of the Board initial decision and all reconsideration decisions.

5. Plaintiff stated in his response that "Davis' action is governed by Title 10 U.S.C.A. § 1552 which allows for correction of Board actions. . . . Accordingly, Davis' claim did not accrue until the Board's final denial of his request." Pl.'s Resp. at 2. Please elaborate upon and explain this contention, and provide supporting caselaw from this court and/or the United States Court of Appeals for the Federal Circuit.

6. If plaintiff does not seek money damages, and instead only seeks to have this court correct his record, what specifically should be changed in that record?

Questions for defendant

1. On what exact date did Mr. Davis' alleged right to retirement pay accrue? What provision of law determines the date on which Reservists become entitled to such pay, and how would the calculation be completed in this instance? Is it possible to answer this question based on plaintiff's allegations alone?

2. Can plaintiff state a cause of action under TERA that is within the subject matter jurisdiction of this court? If not, does that fact obviate the need to

examine his claim in light of the statute of limitations set forth in 28 U.S.C. § 2501 (2000)?

3. If the court were to find that the statute of limitations applicable to Mr. Davis' claim was triggered on the date the ABCMR first denied his request for relief, would the ABCMR's subsequent reconsideration of that request toll the statute of limitations in plaintiff's favor? Why or why not? Provide caselaw in support of your position on this matter.

4. Citing one decision from the United States Supreme Court, defendant argues that "a party's awareness of the facts giving rise to a cause of action, not his belief about whether those facts provide a legal basis for such action, determines when the statute of limitations begins to run." Def.'s Reply at 2. Have any decisions from the United States Court of Appeals for the Federal Circuit reached similar conclusion, in military pay cases or otherwise?

<u>Questions for plaintiff and defendant</u>

1. Is TERA money-mandating? Is relief under TERA discretionary or mandatory, either standing alone or in conjunction with other relevant provisions of law?

Based on the foregoing, it is hereby **ORDERED** that both plaintiff and defendant shall each **FILE** a sur-reply, on or before **April 23, 2007**, which addresses the issues raised in this Order.

/s/Lynn J. Bush
LYNN J. BUSH
Judge