**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EUGENE DAVIS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-507C** |
| | ) | **Judge Bush** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUR-REPLY**

Comes the plaintiff and pursuant to the Court's Order dated March 30, 2007, and would submit to the Court:

Questions for Plaintiff

**1. Does plaintiff claim entitlement to retirement pay, or a correction of his military record only? If Mr. Davis seeks a record correction, would that correction be retrospective or prospective? On what basis does this court possess jurisdiction over such a record correction claim?**

The plaintiff is claiming that his military record should be corrected. The correction would be retrospective. Jurisdiction is based upon 28 U.S.C. § 1491 (a) (2).

**2. If plaintiff seeks retirement pay, on what date does Mr. Davis allege that he should be/should have been awarded his first retirement payment? Is plaintiff sixty years old or older? If not, when will he reach his sixtieth birthday? How does plaintiff's age affect his entitlement to retirement pay?**

The plaintiff is claiming he should receive retirement pay for 15 years of service when he attains the age of 60. He is presently 52 years old and will reach the age of 60 on May 9, 2015. He is not eligible for retirement pay until 60. His age does not effect retirement pay.

**3. Which specific provision of Public Law 102-484 does Mr. Davis rely on to show that money is presently due and owing to him? Cite the specific United States Code provision(s) that is/are relevant to that claim, if any. Does plaintiff rely on the Temporary Early Retirement Authority (TERA), and if so, how does TERA support his claim?**

The National Defense Authorization Act for FY (1993) requires that Selected Reservists (SELRES) who are involuntarily separated by a force draw down period receive transition assistance and are to be treated fairly and equitably for their service to the country. The Department of Defense implemented the requirements of Public Law 102-824 on March 1, 1993. The period covered by the provisions of PL 102-824 was from October 23, 1992 to September 30, 1999. Plaintiff is relying on the TERA, Title 10 U.S.C. § 1293 and 1186 which allows for retirement of commissioned officers with 15 years of service. Clary v. U.S., 333 F.3d 1345 (C.A. 2003) The TERA allows for retirement after 15 years of service. The plaintiff attained 15 years of service on May 14, 1992.

**4. On what date did Mr. Davis file his initial administrative appeal before the Army Board for Correction of Military Records (ABCMR)? What, specifically, did plaintiff claim before the ABCMR? What aspect of the Board's decision does Mr. Davis ask the court to review, and under what authority? Please provide copies of the Board initial decision and all reconsideration decisions.**

The plaintiff does not have a complete record (this will be requested during discovery). But his last request to the Board was made February 15, 1999. The plaintiff claimed he was

never notified about the need to apply for early retirement. When he learned about the requirement he could not get assistance from his commanding officers. The court is being asked to correct the Board determination that the plaintiff waited too long to file for early retirement even though he was eligible. This court can correct this military record and place the plaintiff in an appropriate retirement status. Title 28 U.S.C. § 1491 (a) (2) The copies of the decision provided are all the plaintiff has at this time.

**5. Plaintiff stated in his response "Davis' action is governed by Title 10 U.S.C.A. § 1552 which allows for correction of Board actions.… Accordingly, Davis' claim did not accrue until the Board's final denial of his request." Pl.'s Resp. at 2. Please elaborate upon and explain this contention, and provide supporting case law from this court and/or the United States Court of Appeals for the Federal Circuit.**

Title 10 U.S.C. § 1552 (a) (1) allows for the Secretary of Defense to correct military records. This correction of records shall be made through the appropriate Boards such as the ABCMR when justice demands it. 32 C.F.R. § 581.3 establishes the ABCMR and requires that a military applicant's records be changed to correct an error or injustice. This is mandatory not discretionary. McBryde v. United States, 299 F.3d 1357, 1362 (Fed. Cir. 1996). The plaintiff argues that the Board did not follow the C.F.R., that an injustice has occurred because he was found not to have made a timely application for early retirement. Plaintiff seeks to have his record corrected to show that he may apply for early retirement, and that any late application should be waived because of mitigating circumstances. § 581.3 (b) (4) (i) (ii). The Board reached its initial decision on June 3, 1999, but the plaintiff continued to file administrative appeals of that decision and the final administrative action was on June 24, 2005, therefore, his complaint was filed well within the applicable statute of limitations because this is not a case for

unlawful discharge but rather to correct a record. Thus, when the plaintiff filed his case within one year of the last review by the Board June 24, 2005 (case filed in Federal District Court February 9, 2006) he fell within the statute of limitations for such filings. This is not a discharge case where the statute of limitations begins to run on the date of discharge, but the date of the Board's final decision.

**6. If plaintiff does not seek money damages, and instead only seeks to have this court correct his record, what specifically should be changed in that record?**

The plaintiff seeks to have his record corrected to reflect that he timely filed for early retirement. This court has jurisdiction to review the Board's decision. Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804, 811 (1979) (en banc).

Questions for plaintiff and defendant

**1. Is TERA money-mandating? Is relief under TERA discretionary or mandatory, either standing alone or in conjunction with other relevant provisions of law?**

The TERA is money mandatory. The relief is mandatory.

Respectfully submitted,

/s/ Phillip L. Davidson

Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

## CERTIFICATE OF SERVICE

I certify that an exact copy of the foregoing document was served electronically to the following:

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

/s/ Donald E. Kinner
Assistant Director

/s/ Richard P. Schroeder
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7788
Attorneys for the Defendant

Of Counsel:

Major Jerrett Dunlap
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart St., Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

on this the ____ day of ____________, 2007.

/s/ Phillip L. Davidson
Phillip L. Davidson