DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON, VA 22202-4508

# MEMORANDUM OF CONSIDERATION

IN THE CASE OF: DAVIS, EUGENE
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

BOARD DATE: 3 June 1999
DOCKET NUMBER: AR1998006330

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Loren G. Harrell | Director |
| Mr. David E. Weightman | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. Raymond V. O'Connor | Chairperson |
| Ms. Kathleen A. Newman | Member |
| Mr. Thomas B. Redfern, III | Member |

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairperson on the above date. In accordance with Army Regulation 15-185, the application and the available military records pertinent to the corrective action requested were reviewed to determine whether to authorize a formal hearing, recommend that the records be corrected without a formal hearing, or to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military records
Exhibit B - Military Personnel Records (including advisory opinion, if any)

ABCMR Memorandum of Consideration (cont) AC98-10061 AR1998006330

APPLICANT REQUESTS: Early retirement.

APPLICANT STATES: He lost his position due to a retention board decision based on over-strength in his grade, and that he had 15 good years for retirement at the time, but he couldn't get his assignment officers or two congressman to assist him in this matter. He submits statements from others, transfer orders, and a chronological statement of retirement points, dated 7 June 1993, in support of his application.

He submitted a letter of rebuttal, dated 15 February 1999, to the opinion rendered in his case. He stated his status at the time of his transfer from the active Reserve was in the Selective Service, as an IMA (Individual Mobilization Augmentee), in the Selective Reserve, and eligible for retirement at 15 years/transition benefits.

In the rebuttal, he now also requests promotion to lieutenant colonel.

EVIDENCE OF RECORD: The applicant's military records show:

The applicant was born on 9 May 1955 and will reach age 60 on 9 May 2015.

The applicant was commissioned in the Reserve from ROTC effective 15 May 1977. He served on active duty from 13 November 1977 to 14 July 1985, and he attained the rank of captain effective 22 June 1981. He was released from active duty and transferred to the Reserve Control Group (Reinforcement) based on failure to meet minimum standards of retention. He subsequently served in Reserve units.

Effective 15 April 1989 he was transferred to the Selective Service [System] (SSS) USAR Augmentation.

He was promoted to major effective 14 May 1989.

On 12 December 1991 he was notified that based on realignment of the SSS's Reserve Officer Force and a reduction of major positions, he was considered but not selected for retention in the SSS. He was given the option to drill for points only and advised that if he did he may then remain in the SSS until 29 February 1993 or until completion of 20 good years of service, whichever came first. He remained in the SSS until 1993.

Effective 18 March 1993 he was released from the SSS attachment and returned to the Reserve Control Group. At this time he had more than 15 years of qualifying service.

He was issued a chronological statement of retirement points, dated 7 June 1993, showing he completed 15 years of qualifying service for retired pay at age 60 as of 14 May 1992.

He was issued another statement, dated 6 August 1993, showing he did not participate during this last year, and continuing to show completion of 15 years as of 14 May 1993.

He was qualified and eligible to remain in the active Reserve, and to request assignment and other active Reserve participation.

✓ He did not request separation under the Selective Reserve (SELRES) Transition Program, the early qualification for retired pay at age 60 provisions, and he did not request transfer to the Retired Reserve.

He was considered but not selected for promotion to lieutenant colonel by the 1995 and 1996 Reserve Components Selection Boards (RCSB's). His records were complete and without material error when reviewed for promotion. The reasons for non-selection were not divulged by the RCSB's, except that it was not for a lack of the required military education.

His officer evaluation report (OER) history for captain and major shows he was rated below average by his raters and rated below center of mass on several reports by his senior raters.

Public laws and Department of Defense Directives have mandated transition assistance for separated military personnel. The policy dictates that transition assistance programs prepare separating service members and their families with the skills, tools, and self-confidence necessary to ensure successful reentry into the Nation's civilian work force. The National Defense Authorization Act for Fiscal Year 1993 (Public Law 102-484, October 23, 1992) provides that Selected Reservists (SELRES) who are involuntarily separated during the force draw-down period receive transition assistance and are treated fairly and equitably for their service. The program was implemented by the DOD on 1 March 1993. The period of separations concerning these provisions is from 23 October 1992 to 30 September 1995, later changed to end on 30 September 1999. With certain exceptions, separations during this period are considered involuntary.

Subject personnel have priority for affiliation within the Selected Reserve.

Dissemination of these provisions was required to inform members of the Reserve Components of their rights and benefits. Dissemination was made by Departmental messages, and widely published in official, quasi-official and unofficial publications, and in official communications.

Temporary authority was provided for special separation pay of 1 – 5 years prior to age 60 for members with 20 or more years of qualified service as of 1 October 1991.

Separation pay was authorized for members under these provisions who had at least 6 years but less than 15 years of service.

Early qualification for retired pay at age 60 was authorized for enlisted personnel, with certain exceptions, completing at least 15 and less than 20 qualified years, as of 1 October 1991, or after that date and before 1 October 1999, contingent upon the member's transfer to the Retired Reserve. Members who elect this option under these provisions with transfer to the Retired Reserve shall be provided the notification of eligibility for retired pay at age 60, with attendant benefits. Application for transfer to the Retired Reserve under this authority must be made not later than one year following the date on which a member is eligible to apply for such transfer.

On 8 July 1993 the Acting Assistant Secretary of the Army (M&RA) announced, among other things, that company and field grade officers were entitled to early retirement if otherwise qualified

On 18 August 1993 a priority electrical message was sent to all pertinent military offices and units outlining the Selected Reserve Transition Assistance program based on draw-down.

The applicant was eligible to apply for early retirement and transfer to the Retired Reserve on 18 August 1993, after the date of his release from the SSS and return to the Control Group and essentially after he was separated from his Selected Reserve status, occurring on 18 March 1993. 18 August 1993 is also the date details of the program were disseminated to all concerned, including inclusion of commissioned officers for the early retirement benefit.

Pertinent regulations define Selected Reserve members as officers, warrant officers and enlisted soldiers who are members of the Army National Guard of the United States, those assigned to troop program units of the USAR, those serving on active duty in an Active Guard/Reserve status, and Individual Mobilization Augmentees.

It is also defined as part of the Ready Reserve of each Reserve Component consisting of units and individuals who participate actively in paid training periods and serve on paid active duty for training each year.

Retired Reserve status includes active duty call-up liability.

Army Regulation 135-155 prescribes the policies and procedures for promotion of Reserve officers. This regulation specifies that promotion reconsideration by a special selection board (SSB) may only be based on erroneous non-consideration or material error which existed in the record at the time of consideration. Material error in this context is one or more errors of such a nature that, in the judgment of the reviewing official (or body), it caused an individual's non-selection by a promotion board and, that had such error(s) been corrected at the time the individual was considered, a reasonable chance would have resulted that the individual would have been recommended for promotion. The regulation also provides that boards are not required to divulge the proceedings or the reason(s) for non-selection, except where an individual is not qualified due to non-completion of required military schooling.

The Program Manager for Transitions and Separations, Army Reserve Personnel Command, expressed the opinion (COPY ATTACHED) that the applicant was not a member of the Selected Reserve, he was separated through board action and not through the elimination of his position, and he is not eligible for 15 year retirement or transition benefits

DISCUSSION: Considering all the evidence, allegations, and information presented by the applicant, together with the evidence of record, applicable law and regulations, and advisory opinion(s), it is concluded:

1. The applicant is not entitled to early retirement under the provisions of the Selected Reserve Transition Assistance program. He has waited much too long, well beyond the required date to apply for this benefit. He apparently elected to remain active for possible return to a more active Reserve status, and for promotion to lieutenant colonel

2. Notwithstanding his contentions that he couldn't get his assignment officers or two congressmen to assist him in this matter, he has not shown any valid reason for not completing more good years for retirement, or for not complying for the early retirement benefit. He had priority for affiliation within the Selected Reserve at the time. Upon his removal from the SSS on 18 March 1993, he was immediately notified of his retirement qualification status. On 7 June and 6 August 1993 he received a statement of his retirement years. He knew or should have known he had to request the early retirement benefit and apply for transfer to the Retired Reserve within a year of eligibility to get the benefit.

3. The opinion received in this case appears to be off of the mark. The applicant is considered by the Board to have been in a Selected Reserve status while drilling and participating for pay and points with the SSS. For all intents and purposes, he was initially eligible for the transition program, even though serving in the SSS which is not necessarily in the Selected Reserve, based on being a drilling reservist, a requirement/definition of Selected Reserve members. Also,

ABCMR Memorandum of Consideration (cont)

AC98-10061
AR1998006330

his removal was not based on an Army required board action, it was based on a competitive non-selection for a reduced number of available positions caused by the draw-down.

4. The applicant is also not entitled to promotion to lieutenant colonel. He was fairly considered by two RCSB's. His records were complete and without material error and he was simply not selected. He has not shown otherwise. The Board notes here that his records contain discriminators against promotion selection. He had several below average OER's reviewed by the two promotion boards. It is further noted that, as shown in this case, promotion is not automatic based on qualifications alone, but includes a competitive process of an RCSB determining an individual's potential and ability to perform at the higher grade.

5. In order to justify correction of a military record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy the aforementioned requirement.

6. In view of the foregoing, there is no basis for granting the applicant's request.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

BOARD VOTE:

______ ______ ______ GRANT

______ ______ ______ GRANT FORMAL HEARING

[signature] [initials] [initials] DENY APPLICATION

Loren G. Harrell
Director

# Selective Service System

Region II, 805 Walker St., Ste. 4, Marietta, GA 30060-2731

February 23, 1999

TO WHOM IT MAY CONCERN

FROM: Region Director

SUBJECT: Eugene Davis, 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, Advisory Opinion

It is requested that the following information be considered by the Army Board for Correction of Military Records:

1. MAJ Davis was boarded 12/12/91. (Selective Retention Board Results attached)

2. Statement from Selective Board Review (8/2/91).

   "It in no way reflects on your performance with or contributions to the Selective Service System."

3. MAJ Davis was in an IMA position. (Documentation attached)

4. MAJ Davis was a member of the Selected reserve.

5. MAJ Davis was assigned 4/15/1989 (Assignment Order C-04-908088 attached).

6. MAJ Davis was removed because of reorganization/realignment. Position was eliminated. (Reference selective retention board results December 12, 1991)

7. MAJ Davis furnished a copy of his retirement points to Ms. Amos in September 1998. The Board of correction stated that there was no record of his service or retirement points.

MAJ Davis requests the board of correction of military records to reconsider his promotion to LTC. (Retirement Points enclosed)

Keith A. Scragg
Col, USAF

DEPARTMENT OF THE ARMY
REVIEW BOARDS AGENCY
1941 JEFFERSON DAVIS HIGHWAY 2ND FLOOR
ARLINGTON, VA 22202-4508

21 March 2002

REPLY TO
ATTENTION OF

Client Information & Quality Assurance (CIQA)

Davis, Eugene
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

The Honorable Trent Lott
United States Senate
Suite 487
Russell Senate Office Building
Washington, DC 20510-2403

Dear Senator Lott:

This is in reference to your letter, dated March 5, 2002, concerning Mr. Eugene Davis. Your letter was referred to the Army Review Boards Agency for reply. This office provides administrative support to the Army Board for Correction of Military Records (ABCMR). Therefore, I am responding to your letter.

I have read Mr. Davis' letter thoroughly and understand the concerns he expressed therein. I also understand how important this matter is to him.

Mr. Davis had several cases with the Army Board for Correction of Military Records. His latest appeal was reviewed on April 9, 2001. (Copy attached)

Your letter and the documents submitted by Mr. Davis are being forwarded to our Agency Screening Team for review. That team supports the Army Board for Correction of Military Record. The staff of the Board will determine if his case will be reopened.

Both Mr. Davis and your office will be notified when final action has been taken.

Printed on Recycled Paper

DEPARTMENT OF THE ARMY
BOARD FOR THE CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON VA 22202-4508

9 APR 2001

SFMR-RBR
DAVIS, EUGENE
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/AR2001051697

Mr. Eugene Davis
8826 Featherleigh Lane
Germantown, Tennessee 38138

Dear Mr. Davis:

This is in reference to your 27 November 2000 letter to Representative Bryant's staff concerning your earlier application for correction of your military records. Your letter was received here on 18 December 2000 and has been accepted as a request for reconsideration. The records of this office reveal that your original application was previously considered and denied by the Board on 3 June 1999.

Army Regulation 15-185, sets forth the procedures for processing requests to correct military records. Paragraph 2-15b provides specific guidance to be applied in cases involving requests for reconsideration that are received more than 1 year after the Board's original consideration or after the Board has already reconsidered the case.

In such cases, the staff of the Board will review the request to determine if substantial relevant evidence has been submitted that shows fraud, mistake in law, mathematical miscalculation, manifest error, or if there exists substantial relevant new evidence discovered contemporaneously with or within a short time after the Board's original decision. If the staff finds such evidence, the case will be resubmitted to the Board. If no such evidence is found, the application will be returned to the applicant without action.

More than 1 year has elapsed since the original consideration of your case and the staff of the Board has determined that the current application does not contain evidence that meets the above criteria. Accordingly, there is no basis for resubmitting your request to the Board and it is returned to you without action.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

CF: Hon Bryant

Printed on Recycled Paper

**DEPARTMENT OF THE ARMY**
**ARMY REVIEW BOARDS AGENCY**
**1901 SOUTH SCOTT STREET 2ND FLOOR**
**ARLINGTON, VA 22202-4508**

June 24, 2005

SFMR-RBX-QC/lab
DAVIS, Eugene
Q20050001361

Mr. Eugene Davis
8826 Featherleigh Lane
Germantown, TN 38138

Dear Mr. Davis:

I am responding to your letter, dated February 21, 2005, to the Secretary of the Army, Honorable Francis J. Harvey, concerning your military records. My office provides support to the Army Board for Correction of Military Records (ABCMR).

Army Regulation 15-185 sets forth procedures for processing requests for correction of military records. A recent court decision ordered the deletion of paragraph 2-15b of that regulation, which applied to requests for reconsideration. That paragraph, essentially, permitted reconsideration based on submission of new evidence, along with certain time constraints. Unfortunately, the effect of the court decision now permits the ABCMR to accept a request for reconsideration only if it is received within 1 year of the original decision. The ABCMR denied your original application on June 3, 1999 and subsequent reconsideration requests on, May 11, 2000, April 9, 2001, and September 20, 2002.

Your request for reconsideration was not received within 1 year of the ABCMR's last decision. Therefore, you do not meet the criteria for reconsideration, and I am filing your request without action.

The ABCMR will not consider any further requests for reconsideration on this matter. However, you have the option to seek relief in a court of appropriate jurisdiction.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions