IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EUGENE DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-507C |
| v. | ) | Judge Bush |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME**

Defendant, the United States, respectfully requests an enlargement of time of seven days, from May 1, 2007, through and including May 8, 2007, to file the Government's sur-reply. We previously have been granted an eight day enlargement of time for this purpose. Plaintiff's counsel has indicated that he does not oppose this motion. The grounds for this motion are set forth below.

In his response to Question 2 addressed to plaintiff, Mr. Davis states that he is claiming "he should receive retirement pay for 15 years of service when he attains the age of 60" and that he is "presently 52 years old and will reach the age of 60 on May 9, 2015." In addition, Mr. Davis acknowledges that he will not eligible for retirement pay until age 60. Further, based upon his responses, it is clear that the only relief that Mr. Davis currently seeks is correction of his record and that he is not seeking monetary relief.

Because Mr. Davis is not pursuing a claim for "actual, presently due money damages from the United States," we believe that this Court should dismiss the action for lack of subject matter jurisdiction. See Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006) (quoting United States v. King, 395 U.S. 1, 3 (1969)). In our motion to dismiss, we sought a jurisdictional

dismissal based upon the statute of limitations. However, based upon our current view of Mr. Davis's claim, the issue of the statute of limitations that would apply if Mr. Davis were seeking current monetary relief, may be moot.

Accordingly, the fact that Mr. Davis is not seeking monetary relief will have a significant effect upon the Government's responses to the Court's questions. Further, counsel for the parties are now discussing the possibility of seeking a transfer back to the district Court, so that the district court can decide the case, including any defenses that may be raised. However, the Government needs additional time to investigate whether, in its view, a transfer would be appropriate.[1] This motion was not filed sooner because we thought until recently that we would be able to comply with the current deadline.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government an additional seven days, to and including May 8, 2007, to respond to file the Government's sur-reply.

[1] In the event that the parties decide to seek a transfer to the district court, the Government may ask this Court to stay its responses to the Court's questions pending a decision upon any transfer request. Accordingly, we will attempt to expedite our decision regarding whether a transfer would be appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/ Donald E. Kinner***
DONALD E. KINNER
Assistant Director

***s/ Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for the Defendant

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

Dated: May 1, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 1st day of May 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder