IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EUGENE DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-507C |
| v. | ) | Judge Bush |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR A STAY OR,**
**ALTERNATIVELY, FOR AN ENLARGEMENT OF TIME**

Defendant, the United States, respectfully requests a stay of the time for the Government to file its sur-reply pending a resolution of plaintiff's anticipated motion to transfer this case to the district court, from which it originated. Alternatively, we respectfully request an enlargement of time of 10 days, from May 8, 2007, through and including May 18, 2007, to file the Government's sur-reply. We previously have been granted two enlargements totaling 15 days for this purpose. Plaintiff's counsel has indicated that he does not oppose a stay or an enlargement of time. The grounds for this motion are set forth below.

Plaintiff's counsel has indicated that he intends to file a motion to transfer this case back to the Federal district court in Tennessee, where this case originated. Without waiving any defenses that we may have, including whether the district court case was timely filed, we agree that the case should be transferred back to the district court because it was transferred to the United States Court of Federal Claims in error.[1] Because Mr. Davis is not pursuing a claim for "actual, presently due money damages from the United States," this Court does not possess

---

[1] We presume that any issue of timeliness will need to be resolved pursuant to the law of the Sixth Circuit, as opposed to the law applicable to this Court.

jurisdiction to entertain his claim. See Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006) (quoting United States v. King, 395 U.S. 1, 3 (1969)).

Because Mr. Davis will be filing a motion to transfer, we believe that our previous motion to dismiss on timeliness grounds will become moot. At the time the Court issued its questions to the parties, our motion to dismiss was pending. We respectfully request a stay because we believe that it is appropriate to grant a stay of our sur-reply until the Court can decide the motion to transfer. However, in the event that the Court requires a response to the questions while plaintiff's motion to transfer is pending, we respectfully request an enlargement of time to file our sur-reply. Granting our alternative request for an enlargement of 10 days would enable us to respond to the Court's questions in the context of the motion to transfer.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court stay the time for the Government to file its sur-reply or, alternatively, grant the Government an additional 10 days, to and including May 18, 2007, to file the sur-reply.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

***s/ Donald E. Kinner***
DONALD E. KINNER
Assistant Director

***s/ Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for the Defendant

Dated: May 8, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 8th day of May 2007, a copy of the foregoing "**DEFENDANT'S MOTION FOR A STAY OR, ALTERNATIVELY, FOR AN ENLARGEMENT OF TIME**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder