# In the United States Court of Federal Claims

No. 06-507 C

(June 14, 2007)

* * * * * * * * * * * * * * *

EUGENE DAVIS,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * *

**ORDER**

In this lawsuit, plaintiff Eugene Davis seeks a correction of his military service record to reflect entitlement to retirement pay from the United States Army Reserve. Mr. Davis initially filed his claim in the United States District Court for the Western District of Tennessee. On July 10, 2006, the district court transferred the suit to the United States Court of Federal Claims. On June 11, 2007, however, plaintiff and the United States filed a joint motion to transfer the action back to the district court. The parties agree that a transfer is appropriate because, after further clarification of plaintiff's claims, it is clear that "there are no money damages presently due and owing to Plaintiff." Joint Mot. at 1.

There is no question that "to come within the jurisdictional reach and the waiver of the Tucker Act," the federal statute which delineates this court's jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" against the government. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*). In addition, those damages must be "presently due." *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) (citing *United States v. King*, 395 U.S. 1, 3 (1969)).

Because the parties agree that Mr. Davis has not asserted a right to presently due money damages from the government, jurisdiction in this court is undoubtedly absent. *See id.*

Upon a finding that jurisdiction over a particular action is nonexistent, this court has the power to transfer that action to a federal district court in which it could have initially been brought, when to do so would serve the interests of justice. 28 U.S.C. § 1631 (2000). Here, plaintiff alleges that he is entitled to equitable relief from the federal government, and that relief may indeed be available to him in a federal district court. The court therefore grants the motion to transfer this suit to the United States District Court for the Western District of Tennessee.

Accordingly, it is hereby **ORDERED** that the parties' Joint Motion to Transfer, filed June 11, 2007, is **GRANTED**; and the Clerk's office is directed to **TRANSFER** this lawsuit to the United States District Court for the Western District of Tennessee, Memphis Division, pursuant to 28 U.S.C. § 1631.

s/ Lynn J. Bush
LYNN J. BUSH
Judge